**FILED**

FEB 2 2 2007

CLERK

# UNITED STATES DISTRICT COURT

# DISTRICT OF SOUTH DAKOTA

## CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR. 07-30002 |
| | * | |
| Plaintiff, | * | |
| | * | MEMORANDUM OPINION AND |
| -vs- | * | ORDER GRANTING IN PART AND |
| | * | DENYING IN PART DEFENDANT'S |
| ERNEST BLACKSMITH, JR., | * | MOTION TO PRODUCE DRUG |
| | * | DOG RECORDS |
| Defendant. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant, Ernest Blacksmith, Jr., has filed a Motion to Produce Drug Dog Records, Docket No. 15, requesting that he be provided with copies of the drug dog and handler's training, deployment/field and performance records and records that indicate whether the dog has been trained or deployed in the detection of explosives or been used as an attack dog. In the alternative, Defendant requests that a subpoena duces tecum be issued pursuant to Fed. R. Crim. P. 17(c) requiring that the records just mentioned be disclosed. The Government has filed a lengthy response resisting the Motion, Docket No. 19.

Rule 16 requires, <u>inter alia</u>, that the Government disclose to a defendant any "books, papers, documents, data . . . tangible objects . . . or copies or portions of [them]" that are "material to preparing the defense" or that the Government "intends to use . . . in its case-in-chief at trial." Fed. R. Crim P. 16(a)(1)(E). The Government is also required to disclose the results of any scientific test or experiment if the results are within its "possession, custody or control," and if the "attorney for the [G]overnment knows – or through due diligence could know – that [they] exist [ ], and the results are either "material to preparing a defense

or the [G]overnment intends to use [them] in its case-in-chief at trial." Fed. R. Crim. P.

16(a)(1)(F). Subsection (a)(2) of the Rule, however, specifically excludes the following from

disclosure: "reports, memoranda or other internal government documents made by an

attorney for the [G]overnment or other government agent in connection with investigating

or prosecuting the case" and "statements made by prospective government witnesses except

as provided in 18 U.S.C. §3500."

Defendant asserts that the records requested are crucial to his ability to assess the drug

dog's reliability, an important issue in his suppression motion, see Docket No. 14. The Court

agrees.

The Court can see no reason why such records, the production of which has been

requested and about which the handler is expected to testify, should not be disclosed.

Moreover, such records do not plainly fall within the scope of Rule 16(a)(2). See United

States v. Cedano-Arellano, 332 F.3d 568, 571 (9th Cir. 2003), cert. denied, 540 U.S. 1137

(2004).

In concluding that the records requested should be produced, the Court notes that in

at least three prior cases in this District, see United States v. Salgado, CR. 05-30053; United

States v. Prince, CR. 05-30047; and United States v. Vega-Rico, CR. 04-40018, records like

those requested here were disclosed and, in the latter case, found by the District Court to

have a bearing on the drug dog's reliability. See also United States v. Schwandt, No. 03-

40107-01-RDR, 2004 WL 1846126 at ** 4-5 (D. Kan. May 7, 2004) (where the Government

agreed to provide training, testing, certification and job performance records for the drug dog

and the court ordered the same); State v. Nguyen, 2007 SD 4, ¶21, 2007 WL 29523 at *6

2

("We agree with the trial court that the dog and law enforcement handler's certification and training history are important in determining reliability." ).

The question of whether the records Defendant seeks are discoverable under Rule 16 appears to be an open one in the Eighth Circuit. Although the appeals court has held that a drug dog's reliability can be established through testimony that the dog has been trained and certified to detect drugs, and that a detailed account of the dog's track record or education is not necessary, see United States v. Sundby, 186 F.3d 873, 876 (8th Cir. 1999), the court has nonetheless cited to daily performance and ongoing training records as a basis for concluding that a drug dog was reliable and that the dog's alerts provided the requisite probable cause to justify the search of a vehicle, see United States v. Gregory, 302 F.3d 805, 811 (8th Cir. 2002), cert. denied, 538 U.S. 992 (2003).

It appears that the Eighth Circuit's decisions concerning drug dog reliability have been decided under the Fourth Amendment's requirement of "probable cause" and not under Rule 16 and general discovery principles. The Court believes that the inquiry between the two is different. Assessing whether probable cause exists is a far cry from deciding whether something is "material" for purposes of Brady and Rule 16.

While it appears that the records requested are discoverable under Rule 16, in an abundance of caution and in an effort to discern, more accurately, whether in fact the records are "material" within the meaning of the Rule, the Court believes the better course of action is to require that the records be submitted to it for in camera review and inspection. Although it expects that the records accumulated may be substantial in number, the Court is

3

convinced that reviewing them itself is the best way to balance and resolve the issue of "materiality" and the existing conflict between the parties.

Based on the foregoing, the totality of the circumstances present and good cause appearing, it is hereby

ORDERED that Defendant's Motion, Docket No. 15, shall be and is granted in part and denied in part.  The Government shall produce, at the time of the suppression hearing, all of the drug dog and handler records requested by Defendant in his Motion for the Court to review on an in camera basis.

Dated this 22nd day of February, 2007, at Pierre, South Dakota.

**BY THE COURT:**

**MARK A. MORENO**
**UNITED STATES MAGISTRATE JUDGE**

**ATTEST:**
**JOSEPH HAAS, CLERK**
**BY:**
**Deputy**
**(SEAL)**

4